```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHEN DIVISION
```

```
736 BUILDING OWNER, LLC;
CYTEC SOFTWARE SYSTEMS, INC.;
OSCAR DE LEON, individually                           PLAINTIFFS


VS.                          CIVIL ACTION NO: 3:14-cv-222-DCB-MTP


REGIONS BANK;
JOHN AND JANE DOES 1-5                                DEFENDANTS
```

### ORDER GRANTING MOTION TO STAY PROCEEDING

This matter is before the Court on Defendant's, Regions Bank, Motion to Stay Proceedings **[docket entry no. 24]**. Defendant has also filed a Motion to Extend Expert Designation Deadline **[docket entry no. 27]**. Defendant wishes to stay the case pending this Court's resolution of previously filed Motion to Dismiss **[docket entry no. 9]**. Having reviewed the motions, responses, and docket in this case, the Court finds as follows:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "Granting a stay is within the court's discretion and a stay is appropriate when it serves the interests of judicial economy and efficiency." Hood ex rel. Miss. v. Microsoft Corp., 428 F. Supp. 2d 537, 541 (S.D. Miss. 2006). When ruling on a motion to stay

1

proceedings, a court must consider: "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." Shemper v. B.P. Am., Inc., No. 2:10cv138, 2010 WL 2867849, at *1 (S.D. Miss. Jul. 19, 2010) (quoting Falgoust v. Microsoft Corp., No. CIV.A.00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000)). These factors weigh in favor of granting a stay in this matter.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Stay Proceeding is GRANTED.

FURTHER ORDERED that all deadlines in the Case Management Order are SUSPENDED.

FURTHER ORDERED that the parties are directed to contact the chambers of the Magistrate Judge assigned to this case within ten (10) days of the issuance of an order ruling on the Defendant's Motion to Dismiss.

FURTHER ORDERED that the Defendant's Motion to Extend Expert Designation Deadline is DENIED as MOOT.

SO ORDERED this the 8th day of October 2014.

                                              /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE