IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**736 BUILDING OWNER, LLC,** *et al.* **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 3:14-CV-222-KS-MTP**

**REGIONS BANK** **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

The Court described the background of this case in a previous order [126]. For the reasons provided below, the Court **grants** Defendant's Motion to Strike [93] Plaintiffs' jury demand and enforce their contractual waivers of trial by jury.

Plaintiff 736 Building Owner, LLC ("Owner") entered into a Construction Loan Agreement [93-1] with Defendant on October 29, 2010. The Construction Loan Agreement contained the following provision: "**Waive Jury**. All parties to this Agreement hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by an party against any other party." On the same day, Owner executed a Promissory Note [93-1], which contained the following provision: "**JURY WAIVER**. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other."

Plaintiff Cytec Software Systems, Inc. ("Cytec") likewise executed a Promissory Note [93-2] on February 27, 2009, that contained the following provision: "**JURY WAIVER**. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other." On the same date, Cytec entered into a Commercial Pledge Agreement [93-2] with

Defendant, which contained the following provision: "**Waive Jury.** All parties to this Agreement hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party."

Finally, Plaintiff Oscar De Leon entered two Commercial Guaranty [93-3] agreements with Defendant – one on October 29, 2010, and another on February 27, 2009. The guaranties contained the following provision: "**Waive Jury**. Lender and Guarantor hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Guarantor against the other."

Plaintiffs do not dispute the authenticity of these loan documents. Defendant filed a Motion to Strike [93] Plaintiffs' jury demand and enforce their contractual waivers of the right to trial by jury. A private litigant may waive its right to a jury in civil cases. *Commodity Futures Trading Com v. Schor*, 478 U.S. 833, 848-49, 106 S. Ct. 3245, 92 L. Ed. 2d 675 (1986). But the waiver must be "voluntary, knowing, and intelligently made." *D. H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174, 186, 92 S. Ct. 775, 31 L. Ed. 2d 124 (1972). Federal courts have considered the following factors in making this determination:

> (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate the contract terms; (4) whether the clause containing the waiver was inconspicuous; and (5) whether the opposing party was represented by counsel.

*Branch Banking & Trust Co. v. Price*, No. 2:11-CV-23-KS-MTP, 2011 U.S. Dist. LEXIS 129367, at *3-*4 (S.D. Miss. Nov. 8, 2011) (citing cases).

"[A]s the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S. Ct. 809, 81 L. Ed. 1177 (1937). However, the Fifth Circuit has not addressed whether the movant or opposing party bears the burden of proof on a motion to enforce a contractual waiver of the right to trial by jury. *See RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex. 2002); *Westside Marrero Jeep Eagle v. Chrysler Corp.*, 56 F. Supp. 2d 694, 707 (E.D. La. 1999). Circuits are split on this issue. *See Bakrac, Inc. v. Villager Franchise Sys.*, 164 F. App'x 820, 823 n. 1 (11th Cir. 2006) (citing *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 110 F.3d 431, 435 n. 4 (7th Cir. 1997) (collecting cases)). The Court will assume, without deciding, that Defendant has the burden of proof.

### A.   *Gross Disparity in Bargaining Power*

Defendant presented no evidence of the parties' bargaining power. Plaintiffs provided an affidavit from [101-1] from De Leon, in which he testified that leading up to the execution of the loan documents, he had allowed a commitment from an alternative lender to expire in reliance on Defendant's representations. He stated that although Plaintiffs had not defaulted on their original loan, the project was incomplete and unable to generate income. He concluded that the "power was all one-sided."

"[J]ury trial waivers are common in loan agreements and loan guarantees, and these are regularly enforced." *Westside-Marrero*, 56 F. Supp. 2d at 706 (citing cases). Therefore, the mere fact that Plaintiffs needed a loan is not sufficient to demonstrate a gross disparity in bargaining power. "To invalidate a waiver provision, . . . the

3

bargaining differential must be the kind of 'extreme bargaining disadvantage' or 'gross disparity in bargaining position' that occurs only in certain exceptional circumstances." *Id.* at 709. De Leon claimed that "other lenders were not available," but it is undisputed that Plaintiffs were able to secure alternative funding after Defendant allegedly breached the loan commitment. The Court further notes that the jury waivers apply equally to Plaintiffs and Defendant. *Branch Banking*, 2011 U.S. Dist. LEXIS 129367 at *4.

In conclusion, while there may have been some disparity in bargaining power among Plaintiffs and Defendant, the record does not support a finding of *gross* disparity. De Leon's affidavit testimony was vague and, at times, conclusory with respect to this issue. The Court concludes that this factor weighs in favor of enforcing the waivers.

### B.  *Business Experience*

De Leon has been the owner and president of Cytec, an engineering services company and systems integrator, for decades. He was the managing member of Owner when the loan documents were executed. He signed the loan documents on behalf of all Plaintiffs, and he was the 30(b)(6) deponent for both Cytec [93-2] and Owner [93-1] in this litigation. After reading his testimony in this case [94-1, 94-2, 94-5, 102-1, 102-2, 102-5] and considering the undisputed facts concerning the type and scope of the development project he managed, the Court easily concludes that De Leon had significant business and professional experience when he signed the loan documents at issue. This factor weighs in favor of enforcing the waivers.

## C. Opportunity to Negotiate Contract Terms

Defendant stated in briefing that "each of the Plaintiffs had the opportunity to read the loan documents and negotiate their terms," but it provided no evidence to support this assertion. In his affidavit [101-1], De Leon did not specifically state that he had no opportunity to negotiate contract terms, but he testified that Defendant "drafted and dictated the terms of the modified loan," and that he "had no bargaining power." In the absence of any evidence from Defendant, the Court concludes that this factor weighs against enforcing the waivers.

## D. Whether the Clause was Inconspicuous

The jury waiver provisions were not inconspicuous. Their typeface was the same size and font as the other sections of the agreement, with the section titles in bold print. They were neither more nor less conspicuous than any other section of the loan documents. Therefore, this factor weighs in favor of enforcing the waivers.

## E. Represented by Counsel

Neither party presented any evidence or argument related to this factor. The Court concludes that it is neutral.

## F. Summary

In summary, the record does not demonstrate a gross disparity in bargaining power among the parties. In fact, it shows that De Leon has significant business experience. Even if Plaintiffs did not have the opportunity to negotiate the waiver provisions, they were conspicuous, and Plaintiffs possessed the sophistication and experience to understand what they were signing. After considering all of these factors,

5

the Court concludes that Plaintiffs' waivers of their right to trial by jury were "voluntary, knowing, and intelligently made." *D. H. Overmeyer Co.*, 405 U.S. at 186. Accordingly, they should be enforced.

### *G.     Waiver and Estoppel*

Plaintiffs argue that Defendant waived its right to enforce the waiver provisions by failing to assert them earlier in the litigation. Alternatively, Plaintiffs contend that Defendant should be estopped from enforcing the waivers because it failed to assert them earlier. Plaintiffs cited no legal authority in support of either argument. Plaintiffs also failed to articulate any prejudice that enforcement of the jury waivers would cause. Indeed, Plaintiffs have been on notice since February 1, 2016, that the case may not be tried to a jury. Their trial preparation has not been prejudiced, particularly in light of the Court's most recent continuance.

### *H.     Conclusion*

For all the reasons provided above, the Court **grants** Defendant's Motion to Strike [93] Plaintiffs' jury demand and enforce their waivers of the right to trial by jury. Plaintiff's jury demand is stricken.

SO ORDERED AND ADJUDGED, on this, the 1st day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE