**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**736 BUILDING OWNER, LLC, *et al.*** **PLAINTIFFS**

**V.** **CIVIL ACTION NO. 3:14-CV-222-KS-MTP**

**REGIONS BANK** **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The Court explained the background of this case in a prior order. *736 Bldg. Owner, LLC v. Regions Bank*, No. 3:14-CV-222-KS-MTP, 2016 U.S. Dist. LEXIS 70589, at *1-*2 (S.D. Miss. May 31, 2016). Defendant filed a Motion for Summary Judgment [94]. For the reasons provided below, the Court **grants** Defendant's Motion for Summary Judgment [94]. The Court also **denies as moot** the pending Motions in Limine [110, 111, 112, 115], and it will enter a separate final judgment in accordance with Rule 58.

## I. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts

showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## II. DISCUSSION

### *A. Breach of Contract*

Plaintiffs contend that Defendant breached the Construction Loan Agreement of October 29, 2010,[1] by rejecting their draw request of February 28, 2011. Among other things, Defendant argues that it was entitled to decline Plaintiff Oscar De Leon's's draw request because Plaintiff 736 Building Owner, LLC ("Owner") was in default according to the terms of the loan documents.

The Construction Loan Agreement provided: "Lender's obligation to make the

---

[1]A copy of the Construction Loan Agreement is attached to the transcript of the 30(b)(6) deposition [94-6] of Plaintiff 736 Building Owner, LLC as Exhibit 14.

Initial Advance and each subsequent Advance under this Agreement shall be subject to the fulfillment to Lender's satisfaction of all of the conditions set forth in this Agreement and in the Related Documents." The Agreement contained numerous "Conditions Precedent to Each Advance," including the following: "No Event of Default. There shall not exist at the time of any Advance a condition which would constitute an Event of Default under this Agreement or under any Related Document." Likewise, the Agreement specifically addressed "Cessation of Advances," providing:

> If Lender has made any commitment to make any Loan to Borrower, whether under this Agreement or under any other agreement, Lender shall have no obligation to make Loan Advances or to disburse Loan proceeds if: (A) Borrower or any Guarantor is in default under the terms of this Agreement or any of the Related Documents or any other agreement that Borrower or any Guarantor has with Lender . . . .

Therefore, the Construction Loan Agreement provided that Defendant had no obligation to disburse funds if Owner or any of its guarantors were in default according to the terms of the Agreement or any related document.

The term "Related Documents" refers to "all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the loan." Therefore, both the Modification of Deed of

Trust[2] and the original Deed of Trust[3] are "Related Documents," as defined by the Construction Loan Agreement.

The Modified Deed of Trust provided, in relevant part: "[T]he terms of the original Deed of Trust shall remain unchanged and in full force and effect." The original Deed of Trust provided numerous "Events of Default," including: "Grantor [Owner] fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Grantor." The Deed of Trust required Owner to "pay when due (and in all events prior to delinquency) all taxes . . . levied against or on account of the Property . . . ." Accordingly, failure to pay property taxes constituted an event of default under the Deed of Trust.

It is undisputed that Owner had been delinquent on its 2008 and 2009 property taxes, which were paid on October 29, 2010. It is likewise undisputed that as of the date of the draw request in February 28, 2011, Owner had failed to pay its 2010 property taxes. Thus, Owner defaulted under the terms of the Deed of Trust. The Construction Loan Agreement provided that Defendant had no obligation to disburse funds if a default occurred under the terms of the Agreement or its related documents,

[2]A copy of the "Modification of Deed of Trust" is attached to the transcript of the 30(b)(6) deposition [94-6] of Owner as Exhibit 17.

[3]A copy of the "Deed of Trust" is attached to the transcript of the 30(b)(6) deposition [94-6] of Owner as Exhibit 8.

including the Deed of Trust. Therefore, Defendant did not breach the Construction Loan Agreement by declining to advance funds as requested on February 28, 2011.

Plaintiffs contends that Defendant had not provided them with notice of default. However, the Construction Loan Agreement provided: "Upon the occurrence of any Event of Default and at any time thereafter, Lender may, at its option, but without any obligation to do so, . . . do any one or more of the following without notice to Borrower: . . . (c) Withhold further disbursement of Loan Funds . . . ." Accordingly, Defendant was under no obligation to provide Plaintiffs with notice of a default or of its elected remedy under the Agreement.

For all these reasons, the Court concludes that Defendant did not breach the Construction Loan Agreement, and summary judgment is appropriate as to Plaintiffs' breach of contract claim. The Court also notes that neither Oscar De Leon nor Cytec Software Systems, Inc. were parties to the Construction Loan Agreement of October 29, 2010, and they have not argued that they were third-party beneficiaries. Accordingly, Defendant owed them no duties under the contract.

***B. Breach of the Implied Duty of Good Faith and Fair Dealing***

All contracts include an implied "covenant of good faith and fair dealing." *Ferrara v. Walters*, 919 So. 2d 876, 883 (Miss. 2005). However, there can be no breach of the implied duty of good faith and fair dealing without a breach of the underlying contract. *See, e.g. Daniels v. Parker & Assocs., Inc.*, 99 So. 3d 797, 801 (Miss. Ct. App. 2012); *Frye v. S. Farm Bureau Cas. Ins. Co.*, 915 So. 2d 486, 492 (Miss. Ct. App. 2005); *Willis v. Allstate Ins. Co.*, No. 2:13-CV-60-KS-MTP, 2014 U.S. Dist. LEXIS 155004, at

*42 (S.D. Miss. Oct. 31, 2014); *Gum Tree Prop. Mgmt., LLC v. Coleman*, No. 1:12-CV-181-SA-DAS, 2014 U.S. Dist. LEXIS 38306, at *12-*13 (N.D. Miss. Mar. 24, 2014). Therefore, as Defendant did not breach the Construction Loan Agreement, it likewise did not breach the duty of good faith and fair dealing.

### *C. Promissory Estoppel*

Plaintiffs argue that Defendant is liable under the doctrine of promissory estoppel. Promissory estoppel "may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice." *C. E. Frazier Constr. Co. v. Campbell Roofing & Metal Works, Inc.*, 373 So. 2d 1036, 1038 (Miss. 1979).

In briefing, Plaintiffs argue that "Mike Dalton represented or promised that Regions would" meet its "loan commitments." Plaintiffs cited no evidence to support this assertion, and they have not specified the representation or promise upon which they allegedly relied. According to De Leon's declaration [102-2], he received an invoice on February 28, 2011, and he "emailed Dalton asking for his assistance getting it paid to avoid any delay." According to De Leon, Dalton told him "he would not fund the draw request" later that day. Therefore, Plaintiffs have not provided any evidence of a promise or representation by Dalton that Defendant would advance funds as requested on February 28, 2011.

The Court also notes that Plaintiffs did not plead a theory of promissory estoppel, and no such claim is currently before the Court. *Cutrera v. Bd. of Supervisors*,

429 F.3d 108, 113 (5th Cir. 2005).

### *D. Equitable Estoppel*

Finally, Plaintiffs argue that Defendant is liable under the doctrine of equitable estoppel. "[E]quitable estoppel exists where there is a (1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position." *B. C. Rogers Poultry, Inc. v. Wedgeworth*, 911 So. 2d 483, 492 (Miss. 2005). As noted above, Plaintiffs provided no evidence of a representation by Dalton that Defendant would advance funds as requested on February 28, 2011.

The Court also notes that Plaintiffs did not plead a theory of equitable estoppel, and no such claim is currently before the Court. *Cutrera*, 429 F.3d at 113.

## III. CONCLUSION

For the reasons above, the Court **grants** Defendant's Motion for Summary Judgment [94]. The parties' Motions in Limine [110, 111, 112, 115] are **denied as moot**. The Court will enter a separate final judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED, on this, the 15th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE